[Cite as *State v. Walker-McAfee*, 2026-Ohio-2712.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                      :

                                    No.  115373

    v.                                            :

ROOSEVELT WALKER-MCAFEE,               :

    Defendant-Appellant.                     :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:**  July 16, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-681218-A, CR-23-685192-A, CR-25-699197-A,
CR-25-699198-A, and CR-25-700115-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brad S. Meyer, Assistant Prosecuting Attorney, *for appellee.*

Roosevelt Walker-McAfee, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1}  Defendant-appellant Roosevelt Walker-McAfee ("Walker-McAfee") appeals, pro se, from the judgments of conviction and sentence entered upon his guilty pleas in five consolidated criminal cases.  He raises four assignments of error,

each premised on the contention that the trial court erroneously imposed mandatory $7,500 fines in two of the cases. After a thorough review of the law and the facts, we affirm the convictions and sentences and remand for the limited purpose of correcting the sentencing journal entries to conform to the sentence pronounced in open court.

## I. Background and Factual History

{¶ 2} On June 18, 2025, Walker-McAfee entered guilty pleas in a global resolution of five cases: CR-25-700115-A, CR-25-699197-A, CR-25-699198-A, CR- 23-685192-A, and CR-23-681218-A. The plea agreement was a package deal, and the parties agreed to recommend a minimum aggregate prison sentence of nine years.

{¶ 3} In CR-25-700115-A, Walker-McAfee pleaded guilty to aggravated robbery in violation of R.C. 2911.01(A)(3), a first-degree felony, with a three-year firearm specification, a notice-of-prior-conviction specification, and a repeat-violent-offender specification, and to having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony. In CR-25-699197-A, Walker-McAfee pleaded guilty to felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, with a firearm specification and a notice-of-prior-conviction specification, and having weapons while under disability, a third-degree felony. In CR-25-699198-A, Walker-McAfee pleaded guilty to two counts of domestic violence in violation of R.C. 2919.25(A), both fourth-degree felonies, and to burglary in violation of R.C. 2911.12(A)(2), a second-degree felony. In CR-23-685192-A and

CR-23-681218-A, Walker-McAfee pleaded guilty to various counts of having weapons while under disability, attempted trafficking, and drug possession.

{¶ 4} The record reflects that the trial court conducted plea proceedings on the record on June 16 and June 18, 2025, during which it reviewed the charges, the maximum penalties, and Walker-McAfee's constitutional rights. As to the potential financial sanctions, the court advised Walker-McAfee that first-degree felonies are punishable by a fine of up to $20,000; second-degree felonies by a fine of up to $15,000; third-degree felonies by a fine of up to $10,000; and fourth-degree felonies by a fine of up to $5,000. Walker-McAfee affirmed that he understood the penalties, denied being forced or promised anything, and stated that he had no questions about the maximum penalties he faced. The trial court found that the pleas were entered knowingly, intelligently, and voluntarily, and the parties agreed that the court had complied with Crim.R. 11.

{¶ 5} The trial court held a sentencing hearing on June 23, 2025, and imposed an aggregate prison term of 11 years. The court did not impose any fines in open court. Nevertheless, the sentencing journal entries in CR-25-700115-A and CR-25-699197-A each recited, "DEFENDANT TO PAY MANDATORY $7,500.00 FINE." The entries in all five cases ordered Walker-McAfee to pay court costs or, in lieu of payment, to perform community work service.

{¶ 6} Walker-McAfee filed a timely pro se appeal and a merit brief raising four assignments of error directed at the recited fines and the imposition of costs. While the appeal was pending, on December 17, 2025, the trial court issued nunc

pro tunc entries pursuant to Crim.R. 36.  In those entries, the trial court explained

that the "mandatory $7,500.00 fine" language was a data-entry transcription error:

the recited fine corresponded to one of the original charges that had not been

included in the plea agreement.  The entries confirmed that no fine had been

imposed at sentencing.  The State's appellee brief conceded that the trial court did

not impose any fine during the sentencing hearing, characterized the recitals as

clerical mistakes, and argued that the assignments of error are therefore moot.  In

reply, Walker-McAfee argued that the post-appeal nunc pro tunc entries are void for

want of jurisdiction.  Walker-McAfee raises the following assignments of error for

review.

## II. Assignments of Error

> 1. The trial court violated Crim.R. 11(C)(2)(a) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution by completely failing to advise Walker, before accepting his pleas, that it would impose mandatory and additional fines in CR-25-700115-A, CR-25-699197-A, and CR-25-699198-A, rendering his pleas unknowing, unintelligent and involuntary.

> 2. The trial court violated Crim.R. 43(A) and the Sixth and Fourteenth Amendments to the United States Constitution by imposing mandatory fines and court costs in the journal entries but not in open court, thereby sentencing Walker in absentia.

> 3. The trial court committed reversible error and violated R.C. 2929.18 and R.C. 2929.19(b)(5) by imposing fines without considering Walker's present and future ability to pay.

> 4. Walker was deprived [of] effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution by trial counsel's failure to seek waiver of mandatory fines and court costs by filing affidavits of indigency and arguing Walker's inability to pay.

## II. Law and Analysis

### A. The December 17, 2025 Nunc Pro Tunc Entries

{¶ 7} As a preliminary matter, we address the December 17, 2025 nunc pro tunc entries, on which the State relies to argue mootness. Although Crim.R. 36 permits a court to correct clerical mistakes "at any time," the rule does not confer jurisdiction on a trial court that has none. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *State v. Washington*, 2013-Ohio-4982, ¶ 8, citing, *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). A trial court retains only that jurisdiction not inconsistent with the appellate court's authority to review, affirm, modify, or reverse the judgment on appeal. This court has accordingly held that "although Crim.R. 36 permits a nunc pro tunc entry to be filed 'at any time,' a notice of appeal will divest a trial court of jurisdiction to do so" where the correction relates to a matter assigned as error, rendering the entry void. *State v. Aarons*, 2021-Ohio-3671, ¶ 20-24 (8th Dist.); *see also State v. Ward*, 2010-Ohio-1794, ¶ 45 (2d Dist.).

{¶ 8} Here, the December 17, 2025 entries were issued after Walker-McAfee perfected his appeal and addressed the very fines assigned as error. The trial court therefore lacked jurisdiction to enter them, and they are legal nullities that we disregard. *Aarons* at ¶ 24. It does not follow, however, that the assignments of error are moot or that the convictions must be vacated. Here, the proper remedy

for the clerical error is a limited remand directing the trial court to correct the journal entries to reflect the sentence actually imposed.

## B. Standard of Review

{¶ 9} We review de novo whether a trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Cardwell,* 2009-Ohio-6827, ¶ 26 (8th Dist.). Crim.R. 11(C)(2)(a) requires the court, before accepting a guilty plea, to determine that the defendant is entering the plea with an understanding of the nature of the charges and of the maximum penalty involved. The right to be informed of the maximum penalty is a nonconstitutional component of the colloquy, to which a substantial-compliance standard applies. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understood the implications of the plea. *Nero* at 108. Under *State v. Dangler*, 2020-Ohio-2765, ¶ 17, the reviewing court asks (1) whether the trial court complied with Crim.R. 11, (2) if not, whether the failure was a complete failure to comply with a portion of the rule that excuses a showing of prejudice, and (3) if prejudice is required, whether the defendant has established it.

## C. Crim.R. 11 and the Failure to Advise of Fines

{¶ 10} In his first assignment of error, Walker-McAfee contends that the trial court violated Crim.R. 11(C)(2)(a) and the Due Process Clause of the Fourteenth Amendment by failing to advise him, before accepting his pleas, that it would impose mandatory fines and discretionary fines under R.C. 2929.18(B)(11)(a) for the

domestic-violence convictions, rendering his pleas unknowing, unintelligent, and involuntary.

{¶ 11} Walker-McAfee's argument fails at the first step because the premise of the assignment, that the trial court was obligated to advise him of a mandatory fine, is incorrect as a matter of law. The mandatory fine described in R.C. 2929.18(B)(1) applies only to first-, second-, and third-degree felony violations of R.C. Chs. 2925, 3719, or 4729. Neither aggravated robbery under R.C. 2911.01(A)(3) nor felonious assault under R.C. 2903.11(A)(1) is such an offense. No mandatory fine attaches to those convictions, and the trial court had no duty under Crim.R. 11(C)(2)(a) to advise of one. The "mandatory $7,500.00 fine" recited in the journal entries was, as the record confirms and the State concedes, a clerical transcription error.

{¶ 12} The record further establishes that the trial court did advise Walker-McAfee of the maximum potential fines applicable to each level of offense, including the maximum fines for the aggravated robbery, felonious assault, burglary, and domestic-violence counts. Walker-McAfee confirmed that he understood those penalties and had no questions. The trial court thus complied with Crim.R. 11(C)(2)(a) as to the maximum penalties involved. *Nero* at 108.

{¶ 13} To the extent Walker-McAfee separately complains that he was not advised of the additional fine authorized by R.C. 2929.18(B)(11)(a) for domestic-violence convictions, of not less than $70 nor more than $500 payable to the address confidentiality program fund, that fine is permissive, not mandatory, and was never

imposed. Even assuming the court was required to mention it, the omission would at most constitute substantial compliance requiring a showing of prejudice, which Walker-McAfee cannot make. *Dangler* at ¶ 16, 24. He was advised that the fourth-degree felony domestic-violence counts carried a maximum fine of $5,000, which encompasses the discretionary fines under R.C. 2929.18(B)(11)(a). Here, no fine was assessed during sentencing. Thus, Walker-McAfee cannot demonstrate that he would not have entered his pleas had the trial court stated that the discretionary fines under R.C. 2929.18(B)(11)(a) are encompassed within the $5,000 maximum fine that the court has the discretion to impose.

{¶ 14} Because no mandatory fine attached to the offenses, the trial court complied with Crim.R. 11(C)(2)(a) in advising of the maximum penalties, and Walker-McAfee has shown no prejudice as to any discretionary sanction; the pleas were entered knowingly, intelligently, and voluntarily.

{¶ 15} Accordingly, Walker-McAfee's first assignment of error is overruled.

### D. Crim.R. 43(A) and Sentencing in Absentia

{¶ 16} In his second assignment of error, Walker-McAfee contends that the trial court violated Crim.R. 43(A) and the Sixth and Fourteenth Amendments by imposing mandatory fines and court costs in the journal entries but not in open court, thereby sentencing him in absentia.

{¶ 17} Crim.R. 43(A) requires the defendant's presence at every stage of the proceedings including the imposition of sentence. *See State v. Moore*, 2014-Ohio-2979, ¶ 28 (8th Dist.). Furthermore, a financial sanction that appears in a

sentencing entry that was not pronounced in open court is improper. *Id.* at ¶ 29. The error in *Moore* was the recital of a fine in the journal entry that was not announced at the hearing, precisely the defect Walker-McAfee identifies here. The sentencing journal entries in CR-25-700115-A and CR-25-699197-A recite a "mandatory $7,500.00 fine" that the trial court never imposed in open court. Because no mandatory fine attached to these offenses, as explained in our disposition of the first assignment of error, that recital was erroneous from the outset, and, as previously explained, the December 17, 2025 nunc pro tunc entries that purported to correct it are void because the trial court was divested of jurisdiction once the appeal was perfected. To that extent, the assignment of error is well taken. The error does not, however, warrant vacating the convictions or a new sentencing hearing. The sentence pronounced in open court, which imposed no fine, controls, and where a journal entry diverges from the sentence pronounced, the remedy is to correct the entry to reflect what the court actually did, not to vacate the conviction or conduct a full resentencing. The erroneous recital of a fine that was never imposed is curable by a corrected entry on the limited remand described above.

{¶ 18} As to court costs, the trial court did order costs, with a community-work-service alternative, in each of the five entries. The imposition of costs in a sentencing entry without an oral pronouncement at the hearing does not render the sentence void and does not require resentencing. R.C. 2947.23(C). The statute vests the trial court with continuing jurisdiction to waive, suspend, or modify the payment

of the costs of prosecution at sentencing or at any time afterward. *See State v. Beasley*, 2018-Ohio-493, ¶ 265. Consequently, Walker-McAfee requires no remand from this court to pursue that relief; he may move the trial court to waive costs at any time. *Id.* No further relief is warranted on this record. Walker-McAfee's second assignment of error is sustained in part, to the extent the sentencing journal entries imposed a mandatory fine the trial court did not pronounce in open court and lacked jurisdiction to add after the appeal was perfected. His second assignment of error is overruled in all other respects.

### E. Ability to Pay

{¶ 19} In his third assignment of error, Walker-McAfee contends that the trial court committed reversible error and violated R.C. 2929.18 and 2929.19(B)(5) by imposing fines without considering his present and future ability to pay.

{¶ 20} R.C. 2929.19(B)(5) requires a court, before imposing a financial sanction under R.C. 2929.18, to consider the offender's present and future ability to pay. That obligation is triggered only by the imposition of a financial sanction.

{¶ 21} Because the trial court imposed no fine and the contrary language in the journal entries were clerical errors, there was no financial sanction to which the ability-to-pay requirement attached. The assignment is premised on a sanction that does not exist in this record, and it is therefore overruled.

### F. Ineffective Assistance of Counsel

{¶ 22} In his fourth assignment of error, Walker-McAfee contends that he was deprived of the effective assistance of counsel because trial counsel failed to seek

waiver of mandatory fines and court costs by filing affidavits of indigency and arguing his inability to pay.

{¶ 23} To prevail on a claim of ineffective assistance, a defendant must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the defense, that is, that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Judicial scrutiny of counsel's performance is highly deferential; a properly licensed attorney is presumed competent. *State v. Wright*, 2009-Ohio-5229, ¶ 44 (8th Dist.).

{¶ 24} Counsel cannot be deficient for failing to file an affidavit of indigency to obtain a waiver of a mandatory fine that does not exist for the offenses of conviction and that was never imposed. Because no mandatory fine attached to the aggravated-robbery or felonious-assault convictions, and because no fine was assessed at sentencing, there was no fine for counsel to challenge, and the failure to file an indigency affidavit caused no prejudice. As to costs, Walker-McAfee retains the ability to move for waiver, and any failure to do so at sentencing did not undermine confidence in the outcome. *Strickland* at 694. The fourth assignment of error is overruled.

### G. Conclusion

{¶ 25} The first, third, and fourth assignments of error are overruled. The second assignment of error is sustained in part — to the extent the sentencing

journal entries impose a mandatory fine the trial court did not pronounce in open court and lacked jurisdiction to add after the appeal was perfected — and is overruled in all other respects.

{¶ 26} The convictions and sentences are affirmed. The December 17, 2025 nunc pro tunc entries are void and are disregarded. Because the original sentencing journal entries in CR-25-700115-A and CR-25-699197-A recite a "mandatory $7,500.00 fine" that was not part of the sentence pronounced in open court, the cause is remanded for the limited purpose of issuing corrected entries deleting those erroneous recitals so that the journal entries conform to the sentence the trial court actually imposed.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Appellant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence and for the limited purpose of issuing nunc pro tunc entries correcting the sentencing journal entries in CR-25-700115 and CR-25-699197.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR